IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Richard Joseph Griego,<br><br>　　　　　Plaintiff,<br>vs.<br><br>The Board of County Commissioners of San Miguel County, Joy Ansley. San Miguel County Manager,  Antonio Padilla , Warden of the San Miguel County Detention Center, Steven Garcia, Deputy Warden of the San Miguel County Detention Center, and San Miguel County Detention Center Officers, John Doe Guards 1, 2 and 3, each in their individual and official capacities; and the estate of Eric Vigil,<br><br>　　　　　Defendants | No. 1:25-cv-00162<br><br><br><br><br><br><br><br><br><br><br>SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. |

PLAINTIFF, RICHARD JOSEPH GRIEGO, thorough his legal counsel and attorney Hans Voss, brings this complaint alleging deprivation of rights pursuant to the bill of rights of the constitution of New Mexico through the New Mexico Civil Rights Act, and state tort claims through the New Mexico Tort Claims Act. In support of this complaint, Mr. Griego states:

## Table of Contents

Introduction. ...................................................................................................................................1

Governing Law, Jurisdiction, and Venue. ......................................................................................3

    A.    Governing Federal Law. ...................................................................................................3

    B.    Governing State Law. .......................................................................................................3

    C.    Jurisdiction; Subject Matter; Personal: ..........................................................................4

    D.    Venue ..............................................................................................................................4

Statement of Alleged Facts. ...........................................................................................................5

    A.    Alleged Facts Regarding Mr. Grego's Conditions of Confinement...................................5

    B.    Alleged Facts Regarding the Danger Posed to Mr. Griego and other Inmates as a Result of MMA Fighter Vigil and Inmate Gallegos being housed in POD C. ...................................................5

    C.    Alleged Facts Regarding Mr. Griego's Physical Injuries Because of the Beating he received from MMA Fighter Vigil. ...................................................................................................6

Statement of Alleged Legal Principles that Apply to the Alleged Facts and Circumstances. .......................................8

Conclusion. ....................................................................................................................................a

Requested Relief .............................................................................................................................a

HANS VOSS

Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. - PAGE | ii

### *Introduction.*

On or about October 18, 2020, the administration of the San Miguel County Detention Center (alternatively "SMCDC" and "San Miguel County") placed Mixed Martial Arts fighter Eric Vigil and Michael Gallegos in POD C of the SMCDC among other inmates including Mr. Griego (alternatively "Mr. Griego" and "Plaintiff").  Mr. Griego was a pretrial detainee being housed in POD C of the SMCDC.

MMA fighter Eric Vigil (alternatively "MMA Fighter Vigil" or "Vigil") and Michael Gallegos ("Gallegos") posed a danger to the other inhabitants of POD C of the SMCDC. Ultimately because the administration of the SMCDC would not protect them from beatings by MMA Fighter Vigil and Gallegos, as discussed further below, inmates of the SMCDC jumped and killed Vigil.

On or about November 14, 2020, Vigil and Gallegos attempted to beat inmate Santino Razo. Mr. Griego intervened and stopped this attempted beating when the SMCDC guards and administration did not. On or about November 15, 2020, Vigil and Gallegos succeeded in beating Santino Razo.  Inmate Razo was left with, inter alia, severe swelling of his head.  The administration of the SMCDC left inmate Razo unattended in his cell for two days.  On or about November 16, 2020, the SMCDC administration finally provided inmate Razo with medical attention.  At this time, SMCDC was aware that MMA fighter Eric Vigil was a danger to the other inhabitants of the SMCDC.  SMCDC did not lock down POD C, or segregate MMA Fighter Vigil from the general population of POD C.

On November 18, 2020, Mr. Griego (alternatively "Mr. Griego" and "Plaintiff") was a pretrial detainee housed in the SMCDC.  While in the custody of San Miguel County Mr. Griego was severely beaten by Mixed Martial Arts fighter (MMA fighter) Eric Vigil and Michael

Hans Voss
Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. –
PAGE | 1

Gallegos who were both inmates in the SMCDC.  MMA fighter Eric Vigil was a danger to the other inhabitants of the SMCDC.  This fact was known to San Miguel County because MMA Eric Vigil had engaged in beatings of others in the weeks preceding November 2020.  San Miguel County ignored this clear danger to the inhabitants of the SMCDC to the peril of its wards.  Eventually, the inhabitants of the SMCDC had to act out on their own to protect themselves from MMA fighter Eric vigil.

Beginning on November 18, 2020, and continuing through November 15, 2021, San Miguel County failed to provide Mr. Griego with necessary medical treatment.

On or about March 18, 2021, Mr. Griego was transported to the Central New Mexico Correctional Facility in Las Lunas New Mexico.  The Court ordering the transfer found that:

4. Due to the Defendant's continuing medical health conditions he requires specialized medical care and the San Miguel County Detention Center is not properly equipped to provide such care.  5.  The New Mexico Corrections Department ("NMCD") operates facilities capable of providing the safe housing and supervision required by the Defendant.  6.  San Miguel County Detention Center agrees to reimburse NMCD for the cost of housing and medical care,

The Court thereupon ordered:

1.   That pursuant to Section 33-3-15 NMSA 1978, San Miguel County inmate shall be transported by the San Miguel County Detention Center to the Central New Mexico Correctional Facility in Los Lunas, New Mexico, so that the Corrections Department can detain and house the defendant in the manner and location deemed appropriate.

On or about August 27, 2021, Mr. Griego was again transported to the Central New Mexico Correctional Facility in Las Lunas New Mexico.  The Court ordering the transfer found that:

4. Due to the Defendant's continuing medical health conditions he requires specialized medical care and the San Miguel County Detention Center is not properly equipped to provide such care.  5.  The New Mexico Corrections Department ("NMCD") operates facilities capable of providing the safe housing

HANS VOSS

Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. –
PAGE | 2

and supervision required by the Defendant.   6.  San Miguel County Detention Center agrees to reimburse NMCD for the cost of housing and medical care,

The Court thereupon ordered:

1.   That pursuant to Section 33-3-15 NMSA 1978, San Miguel County inmate shall be transported by the San Miguel County Detention Center to the Central New Mexico Correctional Facility in Los Lunas, New Mexico, so that the Corrections Department can detain and house the defendant in the manner and location deemed appropriate.

However, Mr. Griego did not receive the medical care that he required until further orders of the court.  When Mr. Griego was offered a plea agreement by the State of New Mexico  insisted that he would not accept the agreement until he received the medical care that he required.  The Court issued another order again directing San Miguel County to transport Mr. Griego to the Central New Mexico Correctios department to receive the medical care that he desperately needed. Finally, on November 15, 2021, Mr. Griego received the court ordered medical care from Dr. Kris Rajamma.

### Governing Law, Jurisdiction, and Venue.

#### A.    Governing Federal Law

No federal causes of action are being alleged in this amended complaint. All previously pled federal causes of action are withdrawn by this amended complaint.

#### B.    Governing State Law

1.   This action arises under the New Mexico Civil Rights Act NMSA 1978, §.41-4(A)-3 (New Mexico Civil Rights Act) and § 41-4-12 of the New Mexico Tort Claims Act which waives sovereign immunity for San Miguel County detention center officers' violations of claims brought pursuant to the New Mexico Bill of Rights and state torts as stated hereinafter.

HANS VOSS

Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. – PAGE | 3

**C.    *Jurisdiction; Subject Matter; Personal:***

2.   Jurisdiction.

2.1. No federal causes of action remain in this amended complaint.

2.2. The New Mexico State District Court has jurisdiction to hear cases that arise under the laws as stated above.

2.3.  All parties are present in New Mexico.

**D.    *Venue***

3.   Sana Fe County is the proper venue because:

3.1. NM Stat. Ann. § 41-4-17(A) (2021) authorizes "[a] person who claims to have suffered a deprivation of any rights, privileges, or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body" to "maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court.

3.2. San Miguel County Defendants are present in San Miguel County.

3.3. Plaintiff is in Lea County, New Mexico, and is incarcerated at the Lea County Detention Center.

HANS VOSS

Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. –
PAGE | 4

### *Statement of Alleged Facts.*

**A.    Alleged Facts Regarding Mr. Grego's Conditions of Confinement.**

4.  On November 18, 2020, Plaintiff was being held as a pretrial detainee in the San Miguel County, New Mexico Detention facility;

5.  He was beaten by MMA fighter Eric Vigil and Michael Gallegos both inmates at the San Miguel County Detention Center.

6.  This beating was savage and resulted in severe damage to Mr. Griego's colon.

7.  The beating resulted in, *inter alia,* a shredded colon and significant internal bleeding.

8.  Mr. Griego was given a colostomy.

9.  San Miguel County did not provide Mr. Griego with supplies appropriate for his colostomy.

10. Mr. Griego was not given adequate colostomy bags or clips to hold them

11. Between November 18, 2020, and November 15, 2021, Mr. Griego was frequently forced to use towels or garments to capture the secretions from the colostomy.

12. Mr. Griego's mother did bring colostomy supplies to San Miguel County for her son to use.

13. San Miguel County often did not provide these supplies to Mr. Griego.

14. Because he did not have the correct colostomy supplies, Mr. Griego:

   14.1.    got infections;

   14.2.    was humiliated;

**B.    Alleged Facts Regarding the Danger Posed to Mr. Griego and other Inmates as a Result of MMA Fighter Vigil and Inmate Gallegos being housed in POD C.**

15. On November 18, 2020, Plaintiff was being held as a pretrial detainee in the San Miguel County, New Mexico Detention facility;

HANS VOSS
Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. – PAGE | 5

16. He was beaten by MMA fighter Eric Vigil and Michael Gallegos both inmates at the San Miguel County Detention Center.

### C.    *Alleged Facts Regarding Mr. Griego's Physical Injuries Because of the Beating he received from MMA Fighter Vigil.*

17. On or about November 18, 2020, Plaintiff was being held as a pretrial detainee in the San Miguel County, New Mexico Detention facility;

18. He was beaten by MMA fighter Eric Vigil and Michael Gallegos both inmates at the San Miguel County Detention Center.

18.1.    San Miguel County knew that MMA Fighter Eric Vigil and Michael Gallegos were a threat to Mr. Griego and other inmates.

18.2.    During the beating, MMA fighter Eric Vigil used mixed martial arts, including jiu-jitsu, to beat Mr. Griego;

18.3.    The beating resulted in, *inter alia,* a shredded colon and significant internal bleeding.

18.4.    No guards intervened to assist Mr. Griego.

19. At all times material hereto, Plaintiff was:

19.1.    A pretrial detainee.

19.2.    Being held as a pretrial detainee.

19.3.    Due, at a minimum, to the same state constitutional protections as a convicted prisoner.

19.4.    Being held under conditions posing a substantial risk of harm to him and others.

19.5.    Entitled to protection from poor detention conditions.

HANS VOSS
Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. – PAGE | 6

19.6.     Guaranteed due process.

19.7.     Guaranteed protection from the administration of cruel and unusual punishment.

19.8.     Guaranteed a right to humane conditions of confinement.

19.9.     Guaranteed protection against the excessive use of physical force by detention

center officials.

19.10.     Entitled to protection from illegal actions taken against him by other inmates and

rogue detention center officials.

19.11.      Guaranteed a right to access adequate medical care while incarcerated.

19.12.     Beginning on November 18, 2020, and continuing through November 15, 2021,

San Miguel County failed to provide Mr. Griego with necessary medical treatment.

19.13.     On or about March 18, 2021, Mr. Griego was transported to the Central New

Mexico Correctional Facility in Las Lunas New Mexico.  The Court ordering the transfer

found that:

4. Due to the Defendant's continuing medical health conditions he requires specialized medical care and the San Miguel County Detention Center is not properly equipped to provide such care.  5.  The New Mexico Corrections Department ("NMCD") operates facilities capable of providing the safe housing and supervision required by the Defendant.  6.  San Miguel County Detention Center agrees to reimburse NMCD for the cost of housing and medical care,

19.14.     The Court thereupon ordered:

1.     That pursuant to Section 33-3-15 NMSA 1978, San Miguel County inmate shall be transported by the San Miguel County Detention Center to the Central New Mexico Correctional Facility in Los Lunas, New Mexico, so that the Corrections Department can detain and house the defendant in the manner and location deemed appropriate.

HANS VOSS

Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. – PAGE | 7

19.15.    On or about August 27, 2021, Mr. Griego was again transported to the Central New Mexico Correctional Facility in Las Lunas New Mexico.  The Court ordering the transfer found that:

> 4. Due to the Defendant's continuing medical health conditions he requires specialized medical care and the San Miguel County Detention Center is not properly equipped to provide such care.  5.  The New Mexico Corrections Department ("NMCD") operates facilities capable of providing the safe housing and supervision required by the Defendant.  6.  San Miguel County Detention Center agrees to reimburse NMCD for the cost of housing and medical care,

19.16.    The Court thereupon ordered:

> 1.    That pursuant to Section 33-3-15 NMSA 1978, San Miguel County inmate shall be transported by the San Miguel County Detention Center to the Central New Mexico Correctional Facility in Los Lunas, New Mexico, so that the Corrections Department can detain and house the defendant in the manner and location deemed appropriate.

19.17.    Mr. Griego did not receive the medical care he required until further order of the court.

20. When Mr. Griego was offered a plea agreement by the State of New Mexico he insisted that he would not accept the agreement until he received the medical care that he required.  The Court issued another order again directing San Miguel County to transport Mr. Griego to the Central New Mexico Correctios department to receive the medical care that he desperately needed.  Finally, on November 15, 2021, Mr. Griego received the court ordered medical care from Dr. Kris Rajamma.

***Statement of Alleged Legal Principles that Apply to the Alleged Facts and Circumstances.***

21. At all times material hereto, Plaintiff was:

21.1.    A pretrial detainee.

21.2.    Being held as a pretrial detainee.

HANS VOSS

Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. –
PAGE | 8

21.3.    Due, at a minimum, to the same state constitutional protections as a convicted prisoner.

21.4.    Being held under conditions posing a substantial risk of harm to him and others.

21.5.    Entitled to protection from poor detention conditions.

21.6.    Guaranteed due process.

21.7.    Guaranteed protection from the administration of cruel and unusual punishment.

21.8.    Guaranteed a right to humane conditions of confinement.

21.9.    Guaranteed protection against the excessive use of physical force by detention center officials.

21.10.    Entitled to protection from illegal actions taken against him by other inmates and rogue detention center officials.

21.11.    Guaranteed a right to access adequate medical care while incarcerated.

HANS VOSS
Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. –
PAGE | 9

### *Conclusion*

San Miguel County has a storied history of abusing inmates and detainees in its Detention Center. San Miguel County fosters a culture of abuse of its inmates and detainees. Plaintiff is one of those inmates. San Miguel County housed Mr. Griego in POD C of the SMCDC even though it Knew that MMA Fighter Eric Vigil and Michael Gallegos posed a danger to Mr. Griego. MMA fighter Eric Vigil and Michael Gallegos posed a danger to the other inhabitants of POD C of the SMCDC as well. Ultimately because the administration of the SMCDC would not protect inmates or pre adjudication detainees from beatings by MMA Fighter Vigil and Gallegos, inmates or pre adjudication detainees of the SMCDC jumped and killed Vigil.

After placing Mr. Griego in danger of being injured by MMA Fighter Eric Vigil, and after MMA Fighter Vigil injured Mr. Griego, San Miguel County failed to give him appropriate medical care and appropriate medical supplies.

### *Requested Relief*

Mr. Griego seeks an award of state damages and other appropriate relief as proven at trial.

Respectfully Submitted:

_____
/s/ Hans Voss
Hans Voss
Hans Voss, Attorney
*Legal Counsel and Attorney for*
*Plaintiff Richard Joseph Griego*
PO Box 56953
Albuquerque, New Mexico 87187
505-672-8028
Hans_Voss@outlook.com

HANS VOSS

Attorney, Economist

SECOND AMENDED COMPLAINT TO RECOVER DAMAGES THROUGH THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT AND DELETING ALL FEDERAL CLAIMS. –
PAGE | a